## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LORETTANN GASCARD,          ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | Civ. A. No. 1:14-CV-220-JL |
| ) | |
| FRANKLIN PIERCE UNIVERSITY, Et al.,   ) | |
| ) | |
| Defendants.     ) | |
| ) | |
| ) | |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S
### MOTION TO AMEND/SUPPLEMENT PLEADING

NOW COME Defendants, Franklin Pierce University, Dr. Kim Mooney, Dr. Kerry McKeever, Dr. Paul Kotila, and Janette Merideth (collectively, "Defendants"), by and through counsel, Bernstein, Shur, Sawyer & Nelson, P.A., and respectfully object to Lorettann Gascard's ("Plaintiff") "Motion to Amended/Supplement Pleading."  In support thereof, Defendants state the following:

1.  Plaintiff filed her original Complaint on or around May 22, 2014, alleging that Franklin Pierce University ("FPU") and the four named administrators discriminated against her based on her age, her gender, and her disability and failed to accommodate her disability as required by the Americans with Disabilities Act of 1990, as amended.  See Complaint at ¶ 7.

2.  On August 6, 2014, Defendants filed a Motion and supporting Memorandum of Law seeking to dismiss all counts of the Complaint for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6).  Defendants' Motion is fully briefed and a ruling is pending.

3.  Plaintiff filed the instant Motion titled "Motion to Amended/Supplement Pleading" (hereinafter "Motion") on January 26, 2015.[1]  Although the caption states it is a motion to amend or supplement her original Complaint, the Motion requests only leave to "serve a supplemental pleading . . . pursuant to Federal Rules of Civil Procedure Rule 15(d)."  Pl.'s Mot. at p. 1. Regardless of how it is styled, this Court should deny Plaintiff's Motion.

4.  As an initial matter, the Motion is improper.  See LR 15.1(a)(ii)-(iii) (detailing the requirements of a motion to amend a filing).  Plaintiff utilizes her Motion as an avenue to argue the substance of her new claims rather than to explain why the relief she requests, supplementing her Complaint, should be granted.  In doing so, Plaintiff relies on several facts that are not included in either the original Complaint or the proposed amended complaint, and therefore, these facts should be disregarded.

5.  By her Motion, Plaintiff seeks to supplement her Complaint by adding claims of retaliation under the FMLA , as well as a claim of intentional infliction of emotional distress, all combined in a new Count VII.   The allegations in Counts I – VI of Plaintiff's amended complaint, as submitted, are the same as in Plaintiff's original Complaint, and neither the Motion nor the proposed amended complaint attempt to address or cure the original deficits in Plaintiff's Complaint.  See Defs.' Mot. to Dismiss and Memo of Law (which Defendants incorporate herein).

6.  Rule 15(d) of the Federal Rules of Civil Procedure allows the Court to, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event

---

[1] Defendants' counsel received notice that Plaintiff filed her Motion with the Clerk of Court on January 26, 2015; however, Defendants' counsel received a copy of the Motion by mail on January 23, 2015, with a Certificate of Services certifying that she had served the pleading by Priority Mail on January 22, 2015.

that happened *after* the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d) (emphasis added); see also Connectu LLC v. Zuckerberg, 522 F.3d 82, 90 (1st Cir. 2008). "The purpose of Rule 15(d), as with other rules of civil procedure, is to 'make pleadings a means to achieve an orderly and fair administration of justice.'" Polansky v. Wrenn, No. 12-CV-105-PB, 2013 WL 1165158, at *2 (D.N.H. Feb. 22, 2013) report and recommendation adopted sub nom. Polansky v. NH Dep't of Corr., No. 12-CV-105-PB, 2013 WL 1155429 (D.N.H. Mar. 19, 2013) (quoting Griffin v. Cnty. Sch. Bd., 377 U.S. 218, 227 (1964)).

7.   "Leave to file a supplemental pleading pursuant to Rule 15(d), in general, should be freely granted, absent undue delay, bad faith, dilatory tactics, or undue prejudice to the party to be served with the proposed pleading, or futility." Polansky, 2013 WL 1165158, at *2 (quotations and brackets omitted); see also Sheppard v. River Valley Fitness One, L.P., 2002 NH 020, 13 ("[T]he standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." (quotations omitted)).

8.   Plaintiff's Motion should be denied on grounds of both futility and undue delay. See Polansky, 2013 WL 1165158, at *2. "A supplemental pleading is futile, and should not be allowed, when, among other things, 'the complaint as amended could not withstand a Fed.R.Civ.P. 12(b)(6) motion.'" Sheppard, 2002 NH 020, 17 (quoting Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir. 1991) (citing Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir.1983))).

9.   Here, neither the FMLA retaliation claim nor the intentional infliction of emotional distress claim state a claim upon which relief could be granted. Thus, should the court grant Plaintiff's Motion, Defendants will incur additional costs and delay necessitated by a renewed motion to dismiss all counts.

<u>Retaliation for FMLA</u>

10. Plaintiff alleges that she was not returned to her regular duties following her return from FMLA and as such, suffered an adverse employment action related to her use of FMLA leave. Despite her allegation, Plaintiff does not deny that she was restored as a full-time professor, earning the same salary as before her FMLA leave commenced.  Her argument instead is that FPU reassigned her supplemental duties as coordinator for the University's Thoreau Art Gallery (the "Gallery") to another full time faculty member; Plaintiff implies this was in retaliation for taking leave.  The facts she provides, however, support a different conclusion.

11. In her Motion, and in her proposed complaint, Plaintiff admits she returned from leave on the last day of the fall semester before the school closed for winter break.  <u>Proposed Amended Compl.</u> at ¶ 157. She admits that she was scheduled to be on sabbatical the following semester. <u>Id.</u> at ¶ 170.  She also admits her duties were reassigned based on the fact that she would not be available to fulfill her duties during the spring semester and that FPU administration confirmed it had covered those duties on an interim basis pending her return at the end of her sabbatical.  <u>Id.</u> at ¶ 162.  Based on the facts presented by Plaintiff in her proposed amended complaint, it is clear that she was ***not*** denied reinstatement of her duties in retaliation for using FMLA leave.

12.  Specifically, Plaintiff confirms she was on approved FMLA leave from October 22, 2014 through December 18, 2014.  <u>Id.</u> at ¶ 156.  She returned to work Friday, December 19, 2014, the last day before the campus closed.  <u>Proposed Amended Compl.</u> at ¶ 157. FPU's Rindge campus, where the Gallery was located, is closed from December 22 until January 4, 2015.  <u>See</u> <u>Exhibit</u> A.  Plaintiff had requested and was granted a sabbatical for the spring semester and would thus not be available or on campus for that time.  <u>Proposed Amended Compl.</u> at ¶ 165, 170.  Finally she explicitly admits that notice was given that Nathan Sullivan was appointed on

an interim basis for the period she was scheduled to be away from campus.  Id. at ¶ 162.

Plaintiff admits that the decision to reassign the duties as gallery coordinator was based upon the

fact that she would be on sabbatical and not on the basis of her leave status.  See id. at ¶ 162.

13.   Plaintiff's claim for retaliation is also based on her stated fear that she may possibly

suffer an adverse employment action in the future upon her return from her sabbatical.  See Pl.'s

Mot. at pp. 7-8.   Plaintiff admits in her Motion that she was notified by the Dean that

reassignment of her gallery duties was to be temporary for the period of time Plaintiff was on

sabbatical but she fears that the reassignment *could* become permanent in the future.  Id. at pp. 4-

5.  This claim is therefore speculative and premature.

14.  Plaintiff acknowledges the speculative nature of her  claim as she requests in her new

proposed prayer for relief that the Court order Defendants to provide "[w]ritten assurance to the

Plaintiff that she will have the option of resuming her position as gallery coordination, following

her sabbatical."  Proposed Amended Compl. at p. 25.

15. The Court does not offer advisory opinions, see Igartua-de la Rosa v. United States, 417

F.3d 145, 153 (1st Cir. 2005) ("federal courts do not issue advisory opinions").  Plaintiff's

proposed retaliation claim cannot withstand a motion to dismiss as it seeks an advisory opinion

on speculative future action, and therefore, Plaintiff should not be permitted to supplement her

Complaint to add this proposed count based on futility.

Intentional Infliction of Emotional Distress

16. Plaintiff also seeks to supplement her original Complaint by adding a claim of Intentional

Infliction of Emotional Distress.  Plaintiff's Motion should be denied in this regard as it does not

allege facts that occurred *after* the events in the original Complaint.  See Fed.R.Civ.P. 15(d)

("On motion and reasonable notice, the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." (emphasis added)).

17. The events Plaintiff references in support of her new claim occurred in 2013 and were previously the basis for other claims in her original Complaint.  Specifically, she alleges that on January 16, 2013, Dean McKeever disregarded Plaintiff's precarious emotional state when interacting with Plaintiff in the process of evaluating her request for an accommodation, see Proposed Amended Compl. at ¶¶ 197-200; Pl.'s Mot. at pp. 9-11, and that Dean McKeever and Provost Mooney engaged in a "barrage of ongoing and excessive micro-management" against her. See Pl.'s Mot. at p. 11.  Plaintiff fails to explain why her claim for Intentional Infliction of Emotional Distress was not included in her original Complaint.  See LR 15.1(a)(iii).

18. Allowing Plaintiff to amend or supplement her Complaint now to include a new poorly articulated claim after Defendants' Motion to Dismiss has already been filed and fully briefed would have the effect of creating undue delay in obtaining a ruling on that Motion.  Accordingly, the Court should deny Plaintiff's Motion in this regard.

19. Next, to the extent Plaintiff's Motion moves to amend rather than supplement her Complaint, denial is nevertheless appropriate.  The Motion fails to present any facts to correct the deficiencies in the original Complaint.  See Stier v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) (citations omitted) ("The default rule mandates that leave to amend is to be 'freely given when justice so requires,' unless the amendment 'would be futile, or reward, *inter alia*, undue or intended delay.'")).

20. Even with the proposed amended complaint, Plaintiff still fails to state a claim upon which relief could be granted on any of her proposed claims.  Thus, the amendment would be futile and would create undue delay to the prejudice to Defendants.

21. Finally, Plaintiff's amended complaint, is but another dilatory tactic employed by Plaintiff to avoid resolution of this matter.  As noted in Plaintiff's Complaint and in Defendants' Motion to Dismiss, the EEOC granted Plaintiff a Right to Sue letter after 180 days had lapsed without a finding from the agency.  In part, the EEOC was delayed due to Plaintiff's pattern of adding numerous sequential and repetitive spurious amended charges as a tactic to delay final resolution, all to the prejudice of Defendants.  Her tactic of delay was rewarded as it made it impossible for the EEOC to timely issue a report within 180 days, and Plaintiff was therefore permitted to bring this action on the same allegations as a matter of law.

22. Defendants have expended significant resources evaluating Plaintiff's allegations and preparing the Motion to Dismiss and subsequent pleadings.  Defendants are entitled to a ruling on the sufficiency of those charges.  Plaintiff's instant Motion creates additional delay and adds nothing to the original Complaint that could not have been raised at the time it was filed. Granting Plaintiff's Motion again rewards her pattern of intended and undue delay, to the prejudice of Defendants.

23. Accordingly, for the reasons stated herein, Plaintiff's Motion to Amend/Supplement her Complaint should be denied.

WHEREFORE, Defendants pray that this Honorable Court:

A.  Deny Plaintiff's Motion;

B.  Dismiss Plaintiff's Complaint in its entirety; and

C.  Grant such further relief as is just and necessary.

Respectfully submitted,

Franklin Pierce University, Dr. Kim Mooney, Dr. Kerry McKeever, Dr. Paul Kotila and Janette Merideth,

By their attorneys,
Bernstein, Shur, Sawyer & Nelson, P.A.,

Dated:  February 5, 2015          */s/ Talesha L. Caynon*
Naomi Butterfield, Esquire, N.H. Bar # 18079
nbutterfield@bernsteinshur.com
Talesha L. Caynon, Esquire, N.H. Bar # 19528
tcaynon@bernsteinshur.com
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH  03105
603.623.8700

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2015, the foregoing was electronically filed using the CM/ECF system.  A true and exact copy of the foregoing was also provided this day via First Class US Mail to:

Lorettann Gascard
348 Rte. 202
Rindge NH 03461

/s/ *Talesha L. Caynon*
Talesha L. Caynon, Esq.