**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| LORETTANN GASCARD,     ) <br> ) <br>     Plaintiff,     ) <br> ) <br>     v.     ) <br> ) <br> FRANKLIN PIERCE UNIVERSITY, et al.,     ) <br> ) <br>     Defendants.     ) <br> ) <br> ) | Civ. A. No. 1:14-CV-220-JL |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants, Franklin Pierce University and Dr. Kerry McKeever (collectively the "Defendants"), by and through counsel, and hereby submit this Answer to Lorettann Gascard's ("Plaintiff") Amended Complaint ("Complaint").

**Parties, Jurisdiction and Venue**

1. Admitted.

2. Admitted.

3. Dr. Mooney has been dismissed as a party in this litigation, and therefore, no response is required.

4. Admitted.

5. Dr. Kotila has been dismissed as a party in this litigation, and therefore, no response is required.

6. Ms. Merideth has been dismissed as a party in this litigation, and therefore, no response is required.

7.   This paragraph asserts a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny same.

8.   This paragraph asserts a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny same.

9.   Defendants admit that Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that she subsequently amended her EEOC complaint.  Defendants further admit that Plaintiff requested and received a right to sue letter on or around February 24, 2014.  The remaining allegations contained in this paragraph assert legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny same.

10. This paragraph asserts a legal conclusion to which no response is required.

11. Admitted.

12. This paragraph asserts a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny same.

13. Defendants admit that the Complaint alleges events occurring in New Hampshire, but deny the remainder of the paragraph.

## Count I

14. Defendants incorporate by reference its responses to the preceding paragraphs as if fully set forth herein.

15. Admitted.

16. Admitted.

17. Defendants admit that they received the EEOC Charge.  To the extent that there are unanswered allegations in this paragraph, Defendants deny same.

18. Admitted.

19. Denied.  By way of further response, Defendants unsuccessfully attempted to resolve the matter with Plaintiff.  The parties never engaged in conciliation because the EEOC did not reach a determination that reasonable cause exists to believe that a violation occurred, which is a prerequisite to conciliation.  See 29 CFR § 1691.9.

20. Admitted.

21. Admitted.

22. Admitted.   By way of further response, in March 2012, Plaintiff requested room darkening shades to help alleviate ongoing optical/ocular migraines, and in August 2012, Plaintiff requested a microphone to help project her voice during classroom instruction.  Both requests were accommodated.

23. Defendants admit Plaintiff provided a physician's note to her supervisor, Dr. Zrzavy, but Defendants lack sufficient information regarding the remainder of the allegations and therefore, deny same.  The note is a document, which speaks for itself, and therefore Defendants do not admit or deny the quoted portions, but rather rely on the document.

24. Admitted.  By way of further response, Plaintiff was also permitted to appear by phone.

25. Defendants lack sufficient information to form a belief as to the truth of the allegations contained herein and therefore deny same.

26. Defendants admit that Plaintiff fainted in class, but lack sufficient information regarding the remainder of the allegations and therefore, deny same.

27. Defendants admit that Plaintiff was advised to report any incidents to her supervisor; however, to the extent Plaintiff's claim includes an allegation that there was no further response beyond that, Defendants deny same.

28. Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

29. Admitted.

30. Denied.

31. Denied.

32. Defendants admit that Plaintiff identified faculty members that she believed received accommodations.

33. Denied.

34. Defendants are unaware of what Plaintiff references when she states "physician's warning" and therefore deny the allegations contained herein.

35. Deny.

36. Defendants admit that they determined that based on the CBA, Plaintiff's representative was a necessary party to the interactive dialog required under the ADA and therefore, he properly received the notice of her need for accommodation.

37. Admitted.

38. Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

39. Defendants admit that Plaintiff raised concerns about her meeting attendance requirement, but deny the remaining allegations and characterizations contained in this paragraph.

40. Denied.  By way of further response, the University investigated Plaintiff's complaint and concluded no bullying occurred.

41. Denied.

42. Defendants admit that Plaintiff discussed the accommodation with the University, but deny Plaintiff's characterization that "heightened bullying" has resulted from her accommodation.  By way of further response, Defendants lack sufficient knowledge to form a belief as to the truth of Plaintiff's claims regarding the effects of the purported "heightened bullying" and therefore deny same.

43. Denied.

44. Admitted.

45. Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

46. Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

47. Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

48. Because Plaintiff provides no specifics as to which classes she references, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

49. Defendants admit that Plaintiff reported the absence of certain equipment, but deny the remainder of Plaintiff's allegations.

50. Denied.

51. Denied.

52. Denied.

53. Defendants admit that Plaintiff was not appointed to the position.

54. Admitted.

55. Denied. By way of further response, Susan Silverman has greater seniority within the Department.  Further, Defendants deny that Plaintiff was qualified for the position.

56. Denied.

57. Denied.

58. The May 20, 2013 review is a document that speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the language of the document, Defendants deny same.

59. Denied.

60. Denied.

## Count II

61. Defendants incorporate by reference its responses to the preceding paragraphs as if fully set forth herein.

62. Admitted.

63. Admitted.

64. Defendants admit that Plaintiff was not appointed to the position.

65. Denied. By way of further response, Susan Silverman has greater seniority within the Department.  Further, Defendants deny that Plaintiff was qualified for the position.

66. Admitted.

67. Admitted.

68. The May 20, 2013 review is a document that speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the language of the document, Defendants deny same.

69. Defendants admit Plaintiff received a warning memorandum from then Dean Kotila regarding an incident between Plaintiff, her son, and a student.  Defendants deny Plaintiff's characterization of the warning memorandum and the basis of its issue.

70. Admitted.

71. Defendants admit Plaintiff received a written warning memorandum, which was made part of her personnel file, from then Dean Kotila regarding an incident between Plaintiff, her son, and a student. Defendants deny Plaintiff's characterization of the warning memorandum.

72. Denied.

73. Denied.

74. Admitted.

75. Denied. By way of further response, after learning of the allegations, the Dean investigated the matter, and as part of the investigation, spoke with students.

76. Denied. By way of further response, after learning of the allegations, the Dean commenced an investigation.

77. Defendants admit Plaintiff reported that certain property was missing, but Defendants deny that Plaintiff submitted evidence that the property was taken.

78. Denied. By way of further response, after learning of the allegations, the Dean commenced an investigation.

79. Denied. By way of further response, after learning of the allegations, the Dean commenced an investigation, which was completed on or around April 10, 2014, and which concluded that there was insufficient evidence that property was taken.

80. Admitted.

81. Denied.

82. Denied.

83. Defendants admit that Plaintiff raised concerns about her meeting attendance requirement, but deny the remaining allegations and characterizations in this paragraph.

84. Denied.  By way of further response, the warning memorandum advised Plaintiff that if she engaged in "further inappropriate conduct, directly or indirectly . . . [she] would be subjected to further action up to and including termination from employment."

85. Denied.

## Count III

86. Defendants incorporate by reference its responses to the preceding paragraphs as if fully set forth herein.

87. Admitted.

88. Admitted.

89. Denied.

90. Defendants admit that a male colleague was chosen to serve on the committee, but deny the remaining allegations in this paragraph.

91. The May 20, 2013 review is a document that speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the language of the document, Defendants deny same.

92. Admitted.

93. Defendants admit that Plaintiff raised concerns about her meeting attendance requirement, but deny the remaining allegations and characterizations in this paragraph.

94. Denied.  By way of further response, the University investigated Plaintiff's complaint and concluded no bullying occurred.

95. Denied.

96. Denied.

## Count IV

97. Defendants incorporate by reference its responses to the preceding paragraphs as if fully set forth herein.

98. Defendants admit that on January 16, 2013, Plaintiff engaged in the interactive process of determining an appropriate accommodation.  Defendants deny the remaining allegations in this paragraph.

99. Defendants admit that they were aware of Plaintiff's disability, but deny the remainder of the allegations in this paragraph.

100.      Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

101.      Denied.

102.      Defendants admit that Plaintiff fainted in class, but lack sufficient information regarding the remainder of the allegations and therefore, deny same.

103.      Defendants admit that Plaintiff was advised to report any incidents to her supervisor; however, to the extent Plaintiff's claim includes an allegation that there was no further response beyond that, Defendants deny same.

104.      Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

105.      Admitted.

106.      Denied.

107.      Denied.

108.      Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

109.    Defendants admit that Plaintiff made a complaint of "bullying"; however Defendants deny the remaining allegations and characterizations, including but not limited to the characterization of certain behavior as bullying.

110.    Denied.   By way of further response, the University investigated Plaintiff's complaint and concluded no bullying occurred.

111.    Admitted.  By way of further response, Mr. Sullivan was selected and appointed by the President's office.  Defendants take no position as to whether Mr. Sullivan's appointment was remarkable.

112.    Denied.  To the extent Plaintiff refers to the 2012 Arbitration ruling, Defendants provided the ruling to the EEOC, a regulatory entity authorized to request such information, upon its request.

113.    Denied.

114.    Denied.

115.    Denied.   By way of further response, Plaintiff has been employed with the University since 1997, but has not been the sole art historian.

116.    Defendants admit that it makes staffing decision without consulting Plaintiff, as Plaintiff is not entitled to be consulted concerning the University's business decisions.

117.    Admitted.

118.    Defendants admit that Plaintiff has received positive evaluations regarding her performance.   The evaluations are documents, which speak for themselves, and therefore Defendants deny any characterization that is inconsistent with the language of the documents.

119.    The executive summary is a document that speaks for itself.  To the extent that the allegations herein are inconsistent with the language of the document, Defendants deny same.

120.     Denied. By way of further response, former Dean Kotila commenced the Executive Summary in 2012.  Dean McKeever completed the Executive Summary of the 2012 Program Review in July 2013 (along with ten other department Executive Summaries), following her appointment as Dean Kotila's successor.

121.     Defendants admit that at least some of Plaintiff's performance reviews were positive.

122.     Denied.

123.     Denied.

124.     Denied.


## Count V

125.     Defendants incorporate by reference its responses to the preceding paragraphs as if fully set forth herein.

126.     Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

127.     Denied.

128.     Defendants admit that Plaintiff fainted in class, but lack sufficient information regarding the remainder of the allegations and therefore, deny same.

129.     Defendants admit that Plaintiff was advised to report any incidents to her supervisor; however, to the extent Plaintiff's claim includes an allegation that there was no further response beyond that, Defendants deny same.

130.     Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

131.     Admitted.

132.     Denied.

133.     Denied.

134.     Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

135.     Defendants admit that Plaintiff raised concerns about her meeting attendance requirement, but deny the remaining allegations and characterizations in this paragraph.

136.     Denied.   By way of further response, the University investigated Plaintiff's complaint and concluded no bullying occurred.

137.     Admitted.   By way of further response, Mr. Sullivan was selected and appointed by the President's office.   Defendants take no position as to whether Mr. Sullivan's appointment was remarkable.

138.     Denied.   To the extent Plaintiff refers to the 2012 Arbitration ruling, Defendants provided the ruling to the EEOC, a regulatory entity authorized to request such information, upon its request.

139.     The arbitration ruling is a document that speaks for itself, and therefore no response is required.   To the extent that a response is required, Defendants deny same.

140.     Denied.

141.     Denied.   By way of further response, Plaintiff has been employed with the University since 1997, but has not been the sole art historian.

142.     Defendants admit that it makes staffing decision without consulting Plaintiff, as Plaintiff is not entitled to be consulted concerning the University's business decisions.

143.     Admitted.

144.    Defendants admit that Plaintiff has received positive evaluations regarding her performance.   The evaluations are documents, which speak for themselves, and therefore Defendants deny any characterization that is inconsistent with the language of the documents.

145.    The Executive Summary is a document that speaks for itself.  To the extent that the allegations herein are inconsistent with the language of the document, Defendants deny same.

146.    Denied. By way of further response, former Dean Kotila commenced the Executive Summary in 2012.  Dean McKeever completed the Executive Summary of the 2012 Program Review in July 2013 (along with ten other department Executive Summaries), following her appointment as Dean Kotila's successor.

147.    Defendants admit that at least some of Plaintiff's performance reviews were positive.

148.    Denied.

149.    Denied.

150.    Denied.

## Count VI

151.    Count VI of the Complaint has been dismissed, and therefore, no response is required.

152.    Count VI of the Complaint has been dismissed, and therefore, no response is required.

153.    Count VI of the Complaint has been dismissed, and therefore, no response is required.

154.    Count VI of the Complaint has been dismissed, and therefore, no response is required.

155.     Count VI of the Complaint has been dismissed, and therefore, no response is required.

### Supplemental/Amended Complaint

The introductory paragraph to the section titled Supplemental/Amended Complaint asserts a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny same.

### Count VII

156.     Admitted.

157.     Defendants admit that Plaintiff submitted a return to work authorization form and that she returned to work on December 19, 2014.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations and therefore deny same.

158.     The e-mail correspondence between Plaintiff and Dean McKeever and other faculty is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mails, Defendants deny same.

159.     Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

160.     The e-mail is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.  By way of further response, Dean McKeever responded the same day with an e-mail explaining that, in light of Plaintiff's upcoming sabbatical, Mr. Sullivan would serve as Gallery Coordinator for the spring semester.

161.     The e-mail is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.  By way of further response,

Dean McKeever informed Plaintiff that, in light of Plaintiff's upcoming sabbatical, Mr. Sullivan would serve as Gallery Coordinator for the spring semester.

162.     Denied.  By way of further response, Mr. Sullivan was appointed interim Gallery Coordinator during Plaintiff's FMLA leave and during her 2015 spring sabbatical leave.

163.     The e-mail is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.  By way of further response, Dean McKeever informed Plaintiff that Mr. Sullivan would continue to manage the Gallery through Plaintiff's sabbatical.

164.     Denied.  By way of further response, Dean McKeever informed Plaintiff that Mr. Sullivan would continue to manage the Gallery through Plaintiff's sabbatical.

165.     The e-mail is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.

166.     Denied. By way of further response, the e-mail is a document that speaks for itself, and therefore, to the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.

167.     The e-mail is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.

168.     The e-mail is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.

169.     Defendants admit that Mr. Sullivan dismantled the exhibit at the end of its scheduled run, but deny the remainder of this paragraph.

170.     Admitted.

171.     Admitted.

172.      Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

173.      Defendants admit that Plaintiff teaches a reduced load as Gallery Coordinator, but denies that her salary or benefits are affected by the position.

174.      The performance review is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the review, Defendants deny same.

175.      Denied.

176.      Admitted.   Defendants deny, however, the characterization that Dr. Mooney "launched" inquiries.   By way of further response, because Plaintiff only sent e-mails announcing the gallery exhibition to the general community and not to the Provost and President, Dr. Mooney attempted to ascertain the exhibition details.

177.      Denied.   By way of further response, the e-mail is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.

178.      The Executive Summary is a document that speaks for itself.  To the extent that the allegations are inconsistent with the language of the document, Defendants deny same.

179.      Defendants admit that Plaintiff submitted a document to the Dean or her designee on or around October 7, 2013.  The document speaks for itself, and therefore, to the extent that the allegations are inconsistent with the language of the document, Defendants deny same.

180.      Defendants admit that Dean McKeever directed Plaintiff to conduct a program review upon her return from sabbatical; however, Defendants deny the remaining allegations and characterizations.

181.     The job description is a document that speaks for itself.  To the extent that the allegations are inconsistent with the language of the document, Defendants deny same.

182.     Denied.

183.     Denied.

184.     Admitted.   Dean McKeever contacted Plaintiff after learning about a gallery showing of which she was not aware.

185.     Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

186.     Because Plaintiff does not identify her writing, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

187.     The e-mail is a document that speaks for itself.  To the extent that the allegations contained a characterization or are inconsistent with the text of the e-mail, Defendants deny same.

188.     Admitted.

189.     Defendants lack sufficient information regarding Plaintiff's knowledge, and therefore, Defendants deny the allegations.

190.     The e-mail correspondence between Plaintiff and Dean McKeever is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mails, Defendants deny same.

191.     The e-mail correspondence between Plaintiff and Dean McKeever is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mails, Defendants deny same.

192.      The e-mail correspondence between Plaintiff and Dean McKeever is a document that speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mails, Defendants deny same.

193.      Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same.

194.      Defendants admit that Plaintiff wrote to the Dean, Provost and President regarding an exhibition opening on November 12, 2014.  Defendants deny the remainder of the paragraph as they have no knowledge of Plaintiff's intention.

195.      The e-mail correspondence between Plaintiff and Dean McKeever speaks for itself.  To the extent that the allegations are inconsistent with the text of the e-mail, Defendants deny same.

196.      Denied.

197.      Plaintiff's claim for intentional infliction of emotional distress was dismissed, and therefore, no response is required.  To the extent that a response is required, Defendants deny same.

198.      Admitted.

199.      Plaintiff's claim for intentional infliction of emotional distress was dismissed, and therefore, no response is required.  To the extent that a response is required, Defendants deny same.

200.      Plaintiff's claim for intentional infliction of emotional distress was dismissed, and therefore, no response is required.  To the extent that a response is required, Defendants deny same.

201.      Plaintiff's claim for intentional infliction of emotional distress was dismissed, and therefore, no response is required.  To the extent that a response is required, Defendants deny same.

## DEFENSES AND AFFIRMATIVE DEFENSES

202.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

203.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver and unclean hands; and by the statute of limitations.

204.      Plaintiff's FMLA claim against Dr. McKeever is barred because individual liability is not recognized under the FMLA.

205.      Defendants reserve the right to assert the defense of failure to mitigate damages.

206.      Defendants, at all times, acted in good faith with respect to the state and federal laws referenced by Plaintiff.

WHEREFORE, Defendants pray that this Honorable Court:

A.  Dismiss Plaintiff's Complaint in its entirety;

B.  Deny Plaintiff's request for a monetary award as outlined in ¶ A of her prayers for relief;

C.  Deny Plaintiff's request for an order directing Defendants to award her retirement with the status of Professor Emeritus;

D.  Deny Plaintiff's request to remove the February 1, 2011 memorandum from her personal file;

E.  Deny Plaintiff's request for an order directing that Defendants alter the February 1, 2011 memorandum and 2012 arbitration ruling;

F.  Deny Plaintiff's request for an award of lost expenses;

G.  Deny Plaintiff's request for an award compensating non-pecuniary losses;

H.  Deny Plaintiff's request for written assurance that she will have the option of resuming her Gallery duties following the termination of her sabbatical, and her request that a confirmatory e-mail be sent to faculty;

I.  Deny Plaintiff's request for costs; and,

J.  Grant such further relief as is just and necessary.


Respectfully submitted,

Franklin Pierce University and
Dr. Kerry McKeever,

By their attorneys,
Bernstein, Shur, Sawyer & Nelson, P.A.,


Dated:  March 25, 2015                 */s/ Talesha L. Caynon*
                                       Naomi Butterfield, Esquire, N.H. Bar # 18079
                                       nbutterfield@bernsteinshur.com
                                       Talesha Caynon, Esquire, N.H. Bar # 19528
                                       tcaynon@bernsteinshur.com
                                       670 N. Commercial Street, Suite 108
                                       P.O. Box 1120
                                       Manchester, NH  03105
                                       603.623.8700


## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2015, the foregoing was electronically filed using the CM/ECF system.  A true and exact copy of the foregoing was also provided this day via First Class US Mail to:

Lorettann Gascard
348 Rte. 202
Rindge NH 03461

*/s/ Talesha L. Caynon*
Talesha L. Caynon, Esq.

20